DOUGLAS M. MILLER (Cal. Bar No. 240398)
Email: millerdou@sec.gov
KELLY C. BOWERS (Cal. Bar No. 164007)
Email: bowersk@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Southern Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD VU NGUYEN, A/K/A NGUYEN THANH VU, and NTV FINANCIAL GROUP, INC.,<br><br>Defendants,<br><br>and<br><br>MAI DO,<br><br>Relief Defendant. | Case No. 8:19-cv-01174-AG-KES<br><br>[PROPOSED] AMENDED PRELIMINARY INJUNCTION AND ORDERS CONTINUING: (1) FREEZING OF ASSETS; (2) REQUIRING ACCOUNTINGS; (3) PROHIBITING THE DESTRUCTION OF DOCUMENTS; AND (4) APPOINTING RECEIVER |

2797215.1

The Court, having read and considered Plaintiff Securities and Exchange Commission's ("SEC") *Ex Parte* Application to Amend Preliminary Injunction and a Continuation of Orders (1) Freezing Assets; (2) Requiring Accountings; (3) Prohibiting the Destruction of Documents; and (4) Appointing a Receiver (Dkt. No. 46), defendant Richard Nguyen's and relief defendant Mai Do's opposition to that motion (Dkt. No. 49), and the arguments presented by the parties at the September 12, 2019 hearing, hereby orders the following:

## I.

IT IS HEREBY ORDERED that the SEC's *Ex Parte* Application to Amend Preliminary Injunction and Continue Orders (1) Freezing Assets; (2) Requiring Accountings; (3) Prohibiting the Destruction of Documents; and (4) Appointing a Receiver is GRANTED.

## II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants NTV Financial and Nguyen are preliminarily restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or

otherwise: (a) Defendants NTV Financial's and Nguyen's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants NTV Financial and Nguyen or with anyone described in (a).

### III.

IT IS FURTHER ORDERED that Defendants NTV Financial and Nguyen, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants NTV Financial's and Nguyen's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants NTV Financial and Nguyen or with anyone described in (a).

### IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants NTV Financial and Nguyen are preliminarily restrained and enjoined from

2797215.1

     A.    employing any device, scheme or artifice to defraud any client or prospective client; and

     B.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon any client or prospective client;

in violation of Sections 206(1) and (2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) & 80b-6(2).

     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants NTV Financial's and Nguyen's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants NTV Financial and Nguyen or with anyone described in (a).

## V.

     IT IS FURTHER ORDERED that Defendants NTV Financial and Nguyen, and their agents, servants, employees, attorneys, and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, by the use of the mails or any means or instrumentality of interstate commerce, while acting as an investment adviser to a pooled investment vehicle:

     A.    making any untrue statement of a material fact or omitting to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle;

     B.    engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in a pooled investment vehicle;

2797215.1

in violation of Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4), and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants NTV Financial's and Nguyen's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants NTV Financial and Nguyen or with anyone described in (a).

## VI.

IT IS HEREBY FURTHER ORDERED that Defendants NTV Financial and Nguyen, and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, are hereby prohibited from directly or indirectly, including through any entity they own or control, accessing any securities brokerage account of any third-party, including doing so with the consent of the account holder.

## VII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants NTV Financial and Nguyen, and Relief Defendant Mai Do, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliate, and those persons in active concert with them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, of any one of the Defendants or Relief Defendants, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the

1  possession or custody of any of them and from transferring, encumbering dissipating,
2  incurring charges or cash advances on any debit or credit card of the credit
3  arrangement of any one of the Defendants or Relief Defendants, or their subsidiaries
4  and affiliates.

## VIII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, there shall be a continuation of the freeze placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard) in all accounts at any bank, financial institution, brokerage firm, third-payment payment processor, held in the name of, for the benefit of, or over which account authority is held by Defendants NTV Financial and/or Nguyen, and/or by Relief Defendant Do, including but not limited to the accounts listed below:

| INSTITUTION | ACCOUNT NAME/OWNER | ACCOUNT NO. |
|---|---|---|
| Bank Of America | NTV Financial Group Inc. | 8771 |
| Bank Of America | NTV Financial Group Inc. DBA NTLF (Nguyen Tran Le Fund) | -8768 |
| Bank Of America | Richard Nguyen DBA NTV Service Group | -1210 |
| Bank Of America | Mai Do POD Phuong Do | ending in 2347 |
| Bank Of America | Custodial Account for Loan T Do Mai Do Ren Payee | ending in 5653 |
| Bank of America | Mai Do | ending in 0399 |
| JP Morgan Chase | NTV Financial Group Inc. | 1135 |
| JP Morgan Chase | Mai Do DBA NTV Business Group | 3619 |
| Wells Fargo Bank | NTV Financial Group Inc. DBA NTLF (Nguyen Tran Le Fund) | 4464 |
| Wells Fargo Bank | Richard Nguyen | 8738 |
| Banc of California | Mai Do | -2032 |
| US Bank | Richard Nguyen DBA NTV Service Group | 5338 |

5

2797215.1

| | | |
|---|---|---|
| Simple | Richard Nguyen | ▇1511 |
| Charles Schwab | NTV Financial Group Inc. | ▇6464 |
| Charles Schwab | Richard Nguyen | ▇8787 |
| E*Trade | Mai Do | ▇3288 |
| E*Trade | Mai Do | ▇1301 |
| E*Trade | Mai Do | ▇2529 |
| E*Trade | Mai Do | ending in 2378 |
| E*Trade | NTV Financial Group Inc. | ▇1412 |
| E*Trade | Richard Nguyen | ▇9407 |
| Interactive Brokers | NTV Financial Group Inc. | ▇9327 |
| Merrill Lynch | Richard Nguyen | ▇1580 |
| Apex Clearing/Ally Securities | Richard Nguyen | ▇10-11 |
| Apex Clearing/Ally Securities | Richard Nguyen | ▇9010 |
| Apex Clearing/Ally Securities | Mai Do | ▇6904 |

Any bank, financial institution or brokerage firm, or third-party payment processor holding such monies and assets described above shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court.

## IX.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on the title of the following real and personal properties, which shall not be mortgaged, transferred, or otherwise hypothecated:

| | |
|---|---|
| 1. | 12632 Jerome Lane, Garden Grove, CA 92841 |
| 2. | 2101 N Westwood Ave., Santa Ana, CA 92706 |
| 3. | 2506 Monte Carlo Dr., Santa Ana, CA 92706 |
| 4. | 900 W. 17th Street, Unit B, |

6

2797215.1

|    | Santa Ana, CA 92706 |
|----|---|
| 5. | 2007 Porsche 911 – VIN ending # xxxxx29987S784416 |
| 6. | 2012 Ferrari 458 Italia – VIN ending in # xxxxxNFA9C0183018 |
| 7. | 2018 Toyota Tacoma Pickup |
| 8. | 2019 Honda Odyssey Van |
| 9. | 2002 Maserati Spyder |
| 10. | 2006 BMW 750il |
| 11. | 2007 Harley Roadking |
| 12. | 2005 Harley Softail |
| 13. | 2019 Harley Davidson Street Glide |
| 14. | 2003 Chopper |
| 15. | 2015 Honda Accord |

## X.

IT IS FURTHER ORDERED that Defendants Nguyen and NTV Financial and the Relief Defendant Mai Do remain under a continuing obligation to prepare and deliver to the SEC detailed and complete schedules of all of their assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, and other accounts identified by institution, branch address, and account number. The accounting shall include a description of the sources of all such assets. Such accounting shall be filed with the Court and a copy shall be delivered by email to millerdou@sec.gov and delivered by hand or overnight courier to the SEC to the attention of Douglas M. Miller, Trial Counsel, U.S. Securities and Exchange Commission, Los Angeles Regional Office, 444 South Flower Street, Suite 900, Los Angeles, California, 90071, or such other place and person as counsel for the SEC may direct in writing. After completion of the accounting, each of the Defendants shall produce to the SEC at a time agreeable to the SEC, all books, records and other documents supporting or underlying their accounting.

## XI.

IT IS FURTHER ORDERED that any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses or controls assets exceeding $5,000 for the account or benefit of any one of the Defendants or Relief Defendants, shall within 5 days of receiving actual notice of this Order provide counsel for the SEC with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held.

## XII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of the Defendants NTV Financial and Nguyen, and Relief Defendant Mai Do, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants NTV Financial and Nguyen, and Relief Defendant Mai Do.

## XIII.

IT IS FURTHER ORDERED that Jeffrey Brandlin remain as permanent receiver of Defendant NTV Financial and its subsidiaries and affiliates, and of all bank and brokerage accounts through which Defendants Richard Nguyen's and NTV Financial's investors and/or clients' funds flowed and property acquired in whole or in part with clients' funds, including but not limited to the accounts set forth in

paragraph V and VI above (the "Subject Accounts") (collectively with NTV Financial and its subsidiaries and affiliates, the "Receivership Entity"), with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of Defendant NTV Financial, its subsidiaries and affiliates, and/or the Subject Accounts, and that such receiver continue to be authorized, empowered and directed:

    A.    to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by Defendant NTV Financial, its subsidiaries and affiliates, and/or the Subject Accounts, with full power to sue, foreclose, marshal, collect, receive, and take into possession all such property (including access to and taking custody, control, and possession of all such Defendant NTV Financial property, and that of its subsidiaries and affiliates NTV Financial and/or the Subject Accounts);

    B.    to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, including all accounts at any bank, title company, escrow agent, financial institution or brokerage firm (including any futures commission merchant) which has possession, custody or control of any assets or funds of Defendant NTV Financial, and that of its subsidiaries and affiliates and the Subject Accounts, or which maintains accounts over which Defendant NTV Financial, its subsidiaries and affiliates, and/or the Subject Accounts have signatory authority;

    C.    to conduct such investigation and discovery as may be necessary to

2797215.1

locate and account for all of the assets of or managed by Defendant NTV Financial, its subsidiaries and affiliates and/or the Subject Accounts, and to engage and employ attorneys, accountants and other persons to assist in such investigation and discovery;

D. to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any assets of or managed by Defendant NTV Financial, its subsidiaries and affiliates and/or the Subject Accounts;

E. to make an accounting, as soon as practicable, to this Court and the SEC of the assets and financial condition of Defendant NTV Financial, its subsidiaries and affiliates and/or the Subject Accounts, and to file the accounting with the Court and deliver copies thereof to all parties;

F. to make such payments and disbursements from the funds and assets taken into custody, control, and possession or thereafter received by him or her, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as permanent receiver;

G. to employ attorneys, accountants, and others to investigate and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature which may now or hereafter exist as a result of the activities of present or past employees or agents of Defendant NTV Financial, its subsidiaries and affiliates and/or the Subject Accounts; and

H. to have access to and monitor all mail, electronic mail, and video phone of the entities in receivership in order to review such mail, electronic mail, and video phone which he or she deems relates to their business and the discharging of his or her duties as permanent receiver.

## XIV.

IT IS FURTHER ORDERED that Defendant NTV Financial, its subsidiaries and affiliates and the Subject Accounts, including all of the other entities in receivership, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the permanent receiver.

## XV.

IT IS FURTHER ORDERED that no officer, agent, servant, employee or attorney of Defendant NTV Financial, its subsidiaries and affiliates and/or the Subject Accounts shall take any action or purport to take any action, in the name of or on behalf of Defendant NTV Financial, its subsidiaries and affiliates and/or the Subject Accounts, without the written consent of the permanent receiver or order of this Court.

## XVI.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors and all other persons or entities seeking relief of any kind, in law or in equity, from Defendant NTV Financial, its subsidiaries and affiliates and/or the Subject Accounts, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group or other person, including sheriffs, marshals, servants, agents, employees and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

    A.    commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the SEC or any other action by the government) against any of them;

2797215.1

B. using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of Defendant NTV Financial, its subsidiaries and affiliates and/or the Subject Accounts; and

C. doing any act or thing whatsoever to interfere with taking control, possession or management by the permanent receiver appointed hereunder of the property and assets owned, controlled or managed by or in the possession of Defendant NTV Financial, its subsidiaries and affiliates and/or the Subject Accounts, or in any way to interfere with or harass the permanent receiver or his or her attorneys, accountants, employees, or agents or to interfere in any manner with the discharge of the permanent receiver's duties and responsibilities hereunder.

## XVII.

IT IS FURTHER ORDERED that Defendant NTV Financial and its subsidiaries and affiliates, and their officers, agents, servants, employees and attorneys, and the Subject Accounts, shall cooperate with and assist the permanent receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver or his or her attorneys, accountants, employees or agents, in the conduct of the permanent receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the permanent receiver of the funds, assets, collateral, premises, and choses in action described above.

## XVIII.

IT IS FURTHER ORDERED that Defendant NTV Financial, and its subsidiaries and affiliates, shall pay the costs, fees and expenses of the permanent receiver incurred in connection with the performance of his or her duties described in

2797215.1

this Order, including the costs and expenses of those persons who may be engaged or employed by the permanent receiver to assist him or her in carrying out his or her duties and obligations. All applications for costs, fees, and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent, and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

## XIX.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the permanent receiver. Except for an act of gross negligence, the permanent receiver shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the permanent receiver in connection with the discharge of his or her duties and responsibilities.

## XX.

IT IS FURTHER ORDERED that representatives of the SEC and any other government agency are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of Defendant NTV Financial, and the other entities in receivership, and continuing access to inspect their funds, property, assets and collateral, wherever located.

## XXI.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

2797215.1

IT IS SO ORDERED.

Dated: 9/18 , 2019

_____
UNITED STATES DISTRICT JUDGE

Presented by:

/s/ Douglas M. Miller
Douglas M. Miller
Attorney for Plaintiff
Securities and Exchange Commission