DOUGLAS M. MILLER (Cal. Bar No. 240398)
Email: millerdou@sec.gov
KELLY C. BOWERS (Cal. Bar No. 164007)
Email: bowersk@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka Patel, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Southern Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>vs.<br><br>RICHARD VU NGUYEN, A/K/A NGUYEN THANH VU, and NTV FINANCIAL GROUP, INC.,<br><br>  Defendants,<br><br>and<br><br>MAI DO,<br><br>  Relief Defendant. | Case No. 8:19-cv-01174-AG-KES<br><br>**STIPULATION TO CONTINUE DATES AND DEADLINES IN SCHEDULING ORDER** |

1. WHEREAS, on June 13, 2019, Plaintiff Securities and Exchange Commission ("SEC") filed a complaint against Defendants Richard Vu Nguyen ("Nguyen") and NTV Financial Group, Inc. ("NTV"), and Relief Defendant Mai Do ("Do"), alleging that defendants Nguyen and NTV had engaged in a scheme to defraud investors investing in the NTLF Fund and had fraudulently convinced investors to allow defendant Nguyen to personally manage their brokerage accounts, all in violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 17q(a)] and Section 10(b) of the Securities and Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Sections 206(1), 206(2), and 206(4) of the Investment Advisers Act of 1940 ("Adviser's Act") [15 U.S.C. §§ 80b-6(1), (2) & (4) and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8]; and further alleging that relief defendant Do had been unjustly enriched by the defendants' schemes and their ill-gotten gains. (Dkt. No. 1.)

2. WHEREAS, on June 14, 2019, the Court granted a Temporary Restraining Order ("TRO") filed by the SEC on the same day of its complaint and issued an order (1) Freezing Assets, (2) Requiring Accountings, (3) Prohibiting the Destruction of Documents, (4) Granting Expedited Discovery, and (5) enjoining defendants Nguyen and NTV from violating Section 17(a) of the Securities Act and Section 10(b) of the Securities Exchange Act and Rule 10b-5 thereunder, and Sections 206(1), 206(2), and 206(4) of the Advisers Act and Rule 206(4)-8 thereunder, and from directly or indirectly accessing the securities brokerage accounts of any third-parties, regardless of whether they had the account owner's consent to do so. (Dkt. No. 21.)

3. WHEREAS, on June 24, 2019, the Court found there was good cause for the appointment of a temporary receiver over defendant NTV. (*Id.*)

4. WHEREAS, on July 3, 2019, the Court issued, pursuant to a stipulation between the parties, a Preliminary Injunction and issued an order (1) Freezing Assets,

(2) Requiring Accountings, (3) Prohibiting the Destruction of Documents, (4) Granting Expedited Discovery, (6) Appointing a permanent receiver, and (6) enjoining defendants Nguyen and NTV from violating Section 17(a) of the Securities Act and Section 10(b) of the Securities Exchange Act and Rule 10b-5 thereunder, and Sections 206(1), 206(2), and 206(4) of the Advisers Act and Rule 206(4)-8 thereunder, and from directly or indirectly accessing the securities brokerage accounts of any third-parties, regardless of whether they had the account owner's consent to do so.  (Dkt. No. 25.)

    5. WHEREAS, on August 2, 2019, defendant Nguyen and relief defendant Do filed their answers to the SEC's complaint, denying all allegations of securities fraud in the complaint and asserting various affirmative defenses.  (Dkt. No. 42.)

    6. WHEREAS, on September 24, 2019, the court-appointed receiver over defendant NTV, Jeffrey Brandlin, consented to the entry of a bifurcated judgment against defendant NTV in which defendant NTV neither admitted nor denied the allegations in the SEC's complaint, agreed to be permanently restrained and enjoined from future violations of federal securities laws, and agreed that the Court shall order disgorgement of all its ill-gotten gains, plus prejudgment interest thereon, and impose a civil penalty against NTV upon a separate motion of the SEC.  (Dkt. No. 72.)

    7. WHEREAS, on September 25, 2019, the Court entered the bifurcated judgment against defendant NTV.  (Dkt. No. 73.)

    8. WHEREAS, on September 30, 2019, the Court issued it scheduling order and established the following deadlines for discovery and trial:  (Dkt. No. 77.)

| PROCEDURE / PROCEEDING | DEADLINE |
|---|---|
| Discovery Cut-Off | February 3, 2020 |
| Summary Judgment Motion Filing | February 27, 2020 |
| Discovery Motions | March 2, 2020 |
| Summary Judgment Motion Hearing | March 26, 2020 |

| Final Pretrial Conference | April 20, 2020 |
| Trial | May 5, 2020 |

9. WHEREAS, on November 26, 2019, the Court assigned this case to a Panel Mediator and ordered the parties to complete mediation by no later than March 6, 2020. (Dkt. No. 93.)

10. WHEREAS, on January 15, 2020, the defendant Nguyen and relief defendant Do participated with the SEC in the Court-ordered mediation and all sides made substantial progress towards reaching a proposed settlement, which the SEC is currently drafting for defendant Nguyen's and defendant Do's review.

11. ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED by the SEC, defendant Nguyen and Relief Defendant Do, subject to the Court's approval, that the dates set forth in the Court's September 30, 2019 scheduling order be moved back as follows to allow settlement discussions to be completed:

| PROCEDURE / PROCEEDING | OLD DEADLINE | NEW DEADLINE |
| --- | --- | --- |
| Discovery Cut-Off | February 3, 2020 | March 25, 2020 |
| Discovery Motions | March 2, 2020 | April 1, 2020 |
| Summary Judgment Motion Filing | February 27, 2020 | April 15, 2020 |
| Summary Judgment Motion Hearing | March 26, 2020 | May 18, 2020 |
| Final Pretrial Conference | April 20, 2020 | June 1, 2020 |
| Trial | May 5, 2020 | June 16, 2020 |

//
//

Dated:  January 28, 2020                    Respectfully submitted,

                                                      */s/ Doug Miller*

                                                    Douglas M. Miller
                                                    Kelly C. Bowers
                                                    Attorneys for Plaintiff
                                                       Securities and Exchange Commission

Dated:  January 28, 2020

                                                    Defendant Richard Vu
                                                    Pro Se

Dated:  January 28, 2020

                                                    Relief Defendant Mai Do
                                                    Pro Se

Dated: January 28, 2020 Respectfully submitted,

_____
Douglas M. Miller
Kelly C. Bowers
Attorneys for Plaintiff
Securities and Exchange Commission

Dated: January 28, 2020

_____
Defendant Richard Vu
Pro Se

Dated: January 28, 2020

_____
Relief Defendant Mai Do
Pro Se

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On January 29, 2020, I caused to be served the document entitled **STIPULATION TO CONTINUE DATES AND DEADLINES IN SCHEDULING ORDER** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☐ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: January 29, 2020            /s/ Ramy Kassabgui
                                  Ramy Kassabgui

1

*SEC v. Miller et al.*
United States District Court—Central District of California
Case No. 8:19-cv-01174-AG-KES

### SERVICE LIST

*Defendant(s) Richard Vu Nguyen and Relief Defendant Mai Do:*

> *Pro se*
> Email: richard19672019@gmail.com