1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 8:19-cv-01174-SVW-KES |
| Plaintiff, | **JUDGMENT AS TO DEFENDANT RICHARD VU NGUYEN** |
| vs. | |
| RICHARD VU NGUYEN, A/K/A NGUYEN THANH VU, and NTV FINANCIAL GROUP, INC., | |
| Defendants, | |
| and | |
| MAI DO, | |
| Relief Defendant. | |

# JUDGMENT AS TO DEFENDANT RICHARD VU NGUYEN

The Securities and Exchange Commission having filed a Complaint and Defendant Richard Vu Nguyen having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VII); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys;

1 and (b) other persons in active concert or participation with Defendant or with

2 anyone described in (a).

3                                    II.

4        IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

5 that Defendant is permanently restrained and enjoined from violating Section 17(a)

6 of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the

7 offer or sale of any security by the use of any means or instruments of

8 transportation or communication in interstate commerce or by use of the mails,

9 directly or indirectly:

10        (a)    to employ any device, scheme, or artifice to defraud;

11        (b)    to obtain money or property by means of any untrue statement of a

12               material fact or any omission of a material fact necessary in order to

13               make the statements made, in light of the circumstances under which

14               they were made, not misleading; or

15        (c)    to engage in any transaction, practice, or course of business which

16               operates or would operate as a fraud or deceit upon the purchaser.

17        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

18 provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

19 binds the following who receive actual notice of this Judgment by personal service

20 or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys;

21 and (b) other persons in active concert or participation with Defendant or with

22 anyone described in (a).

23                                    III.

24        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant

25 is permanently restrained and enjoined from violating, directly or indirectly, while

26 acting as an investment adviser, Sections 206(1) and (2) of the Investment

27 Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and (2)] by using

28

the mails or any means or instrumentality of interstate commerce:

    (a) to employ any device, scheme, or artifice to defraud any client or prospective client; or

    (b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, while acting as an investment adviser to a pooled investment vehicle, directly or indirectly, Section 206(4) of the Adviser Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8], by using the mails or means or instrumentalities of interstate commerce:

    (a) to make untrue statements of material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which there were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

    (b) to engage in acts, practices, or courses of business that are fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that upon motion of the Commission, the Court shall determine whether it is appropriate to: (1) permanently restrain and enjoin Defendant from directly or indirectly, including through any entity he owns or controls, accessing any securities brokerage account of any third-party, including doing so with the consent of the account holder (the "conduct-based injunction"), and (2) order Defendant to pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]. If disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from February 2018, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment

contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection
with the Commission's motion for disgorgement and/or civil penalties, the parties
may take discovery, including discovery from appropriate non-parties.  Section VI
of the amended preliminary injunction issued on August 15, 2019 (Dkt. No. 58 at
5) shall remain in full force and effect pending the resolution of the Commission's
motion.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the
Consent is incorporated herein with the same force and effect as if fully set forth
herein, and that Defendant shall comply with all of the undertakings and
agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely
for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy
Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by
Defendant, and further, any debt for disgorgement, prejudgment interest, civil
penalty or other amounts due by Defendant under this Judgment or any other
judgment, order, consent order, decree or settlement agreement entered in
connection with this proceeding, is a debt for the violation by Defendant of the
federal securities laws or any regulation or order issued under such laws, as set
forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this
Court shall retain jurisdiction of this matter for the purposes of enforcing the terms
of this Judgment.

Dated:  February 13, 2020

_____
STEPHEN V. WILSON,
UNITED STATES DISTRICT JUDGE