# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 8:19-cv-01174-SVW-KES |
| Plaintiff, | **FINAL JUDGMENT AS TO RELIEF DEFENDANT MAI DO** |
| vs. | |
| RICHARD VU NGUYEN, A/K/A NGUYEN THANH VU, and NTV FINANCIAL GROUP, INC., | |
| Defendants, | |
| and | |
| MAI DO, | |
| Relief Defendant. | |

**FINAL JUDGMENT AS TO RELIEF DEFENDANT MAI DO**

The Securities and Exchange Commission having filed a Complaint and Relief Defendant Mai Do ("Relief Defendant") having entered a general appearance; consented to the Court's jurisdiction over Relief Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph II); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant is liable for disgorgement of $267,889.64, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $50,899.12, all of which defendant Richard Vu Nguyen shall be jointly and severally liable for with Relief Defendant. Relief Defendant shall satisfy these obligations by paying $318,788.76 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Relief Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Relief Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number,

and name of this Court; Mai Do as a relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Relief Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Relief Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.   Relief Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

**II.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy

1  Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by
2  Relief Defendant, and further, any debt for disgorgement, prejudgment interest,
3  civil penalty or other amounts due by Relief Defendant under this Final Judgment
4  or any other judgment, order, consent order, decree or settlement agreement
5  entered in connection with this proceeding, is a debt for the violation by Relief
6  Defendant of the federal securities laws or any regulation or order issued under
7  such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §
8  523(a)(19).

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: March 1, 2024

_____
HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE